IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL DE LA BRUYERE<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>5:21-cr-00048-TES-CHW-1 |

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

Relying on the Constitutional protection that an officer's mistakes must be reasonable to justify a stop, *Heien v. North Carolina*, 574 U.S. 54 (2014), Defendant Michael De La Bruyere moves to suppress a .22 caliber pistol, a silencer, and a magazine containing five bullets found inside of the vehicle he was driving. [Doc. 53, pp. 1–2]. He argues that a Georgia State Trooper made an unreasonable mistake of law when he stopped him for driving with only his marker lights and foglights activated. [*Id.* at p. 1]. After consideration of the parties' arguments and with the benefit of oral argument, the Court **DENIES** De La Bruyere's Motion to Suppress [Doc. 53].

## GEORGIA LAW

To aid in visibility on its highways, Georgia law requires vehicles to "display lights, including headlights, and illuminating devices"

> at any time from a half-hour after sunset to a half-hour before sunrise and at any time when it is raining in the driving zone and at any other time

when there is not sufficient visibility to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead[.]

O.C.G.A. § 40-8-20. First, "[e]very motor vehicle other than a motorcycle" must "be equipped with at least two but not more than four headlights, with at least one on each side of the front of the motor vehicle[.]" *Id.* at § 40-8-22(a). Georgia law requires these headlights to "be maintained in proper working condition." *Id.* at § 40-8-22(d). Put simply, when § 40-8-20 is in effect (especially at 1:30 a.m.), one has to drive with his headlights on. Second, Georgia law permits (but does not require) vehicles to be equipped with fog and auxiliary lights. *Id.* at § 40-8-29. This brings us to why De La Bruyere got pulled over.

## MOTION TO SUPPRESS[1]

Georgia State Patrol Trooper Alan Rhodes testified that during his patrol of Riverside Drive in Macon, Georgia, around 1:30 on the morning of November 22, 2019, he observed a vehicle traveling without its headlights on. Even though the vehicle's headlights weren't on, Trooper Rhodes also testified that its amber-colored marker lights as well as its foglights were. According to De La Bruyere, that's good enough.

---

[1] Unless otherwise noted, the facts discussed in this Order come from the testimony given by the only witness called during De La Bruyere's suppression hearing on June 7, 2022. The Court finds that these facts are established by a preponderance of the evidence. *United States v. Beechum*, 582 F.2d 898, 913 n.16 (5th Cir. 1978) (citing *Lego v. Twomey*, 404 U.S. 477, 489 (1972)).

De La Bruyere doesn't dispute that he was driving with just the vehicle's foglights on,[2] but Georgia law says that "at any time from a half-hour after sunset to a half-hour before sunrise" "[e]very vehicle . . . shall display lights, *including headlights*, and illuminating devices[.]" *Id.* at § 40-8-20 (emphasis added). Georgia law doesn't—as De La Bruyere would have the Court rule—allow drivers to use fog or auxiliary lights as a substitute for headlights. It's that simple.

Nevertheless, De La Bruyere argues that Trooper Rhodes made an unreasonable mistake of law when he pulled him over because there is no evidence that the vehicle's headlights "were not in good working condition as required by O.C.G.A. § 40-8-22[.]" [Doc. 52, p. 2]. That may very well be true, but such an argument misplaces Fourth Amendment jurisprudence. Under the Fourth Amendment, to justify traffic stops, Trooper Rhodes needed only "reasonable suspicion." *Heien*, 574 U.S. at 60. That is, a particularized and objective basis for suspecting that De La Bruyere was breaking the law. *Id.* In Georgia, driving at night without your headlights on is breaking the law.

Although De La Bruyere may have been able to get the headlights turned on during the traffic stop, whether they were maintained in compliance with § 40-8-22(d)

---

[2] *See* [Doc. 53, p. 2 (De La Bruyere's argument that "there is no statute that criminalizes driving with foglights . . . illuminated *rather than* headlights[]")] (emphasis added).

doesn't overcome what Trooper Rhodes testified he observed.[3] *See* [Doc. 53, p. 2] *in connection with* [Doc. 56, pp. 7–8]. Trooper Rhodes testified—with great certainty—that when he first observed the vehicle being driven by De La Bruyere that its headlights were not on. Thus, since De La Bruyere was driving without his headlights on at 1:30 in the morning, it was reasonable for Trooper Rhodes to suspect that they were not maintained in compliance with § 40-8-22(d). Not only that, but Trooper Rhodes' stop was also justified on the reasonable suspicion that because De La Bruyere was driving without his headlights on at 1:30 a.m., he was violating O.C.G.A. § 40-8-20 as well. Either of these are sufficient to justify the stop. *See* [Doc. 53, p. 2 (citing *United States v. Cortez*, 449 U.S. 411 (2020) for the proposition that "an officer must have reasonable, articulable suspicion that criminal activity has or is just about to occur" in order to justify a traffic stop)].

Since it was unlawful for De La Bruyere to operate the vehicle without its headlights on at 1:30 a.m., Trooper Rhodes did not make an unreasonable mistake of law when he stopped him for doing just that. Trooper Rhodes clearly had two fronts of reasonable suspicion to do so. Accordingly, Defendant Michael De La Bruyere's Motion to Suppress [Doc. 53] is **DENIED**.

---

[3] As discussed at De La Bruyere's suppression hearing, the Court finds Trooper Rhodes to be credible. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.").

**SO ORDERED**, this 8th day of June, 2022.

                                        S/ Tilman E. Self, III
                                        **TILMAN E. SELF, III, JUDGE**
                                        **UNITED STATES DISTRICT COURT**