# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:21-CR-00048-001 |
| Michael De La Bruyere | ) |
| | ) USM No: 64963-509 |
| Date of Original Judgment: 05/25/2023 | ) |
| Date of Previous Amended Judgment: N/A | ) Charles E. Cox |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

Michael De La Bruyere was originally sentenced on May 23, 2023, to a term of 72 months custody followed by a three-year term of supervised release, for the offense of Possession of an Unregistered Firearm. His total offense level of 28 and a criminal history category of I, yielded an advisory sentencing range of 78 to 97 months. His total criminal history score was one (1), which yielded a criminal history category of I.

Based on Part B, subchapter 1 of Amendment 821 of the United States Sentencing Guidelines, a defendant is eligible for a two-level reduction under the newly created provision found at USSG § 4C1.1(a), if the defendant did not receive any criminal history points from Chapter 4, Part A. In this case, the defendant was assessed one criminal history point for a conviction for Burglary and Criminal Damage to Property in Peach County, Georgia Superior Court. As such, he is not considered a Zero-Point Offender nor is he eligible for a reduction at USSG § 4C1.1(a).

Pursuant to USSG § 1B1.10(a)(2), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range. Because the defendant's advisory sentencing range remains unchanged, his Motion to Reduce Sentence is DENIED.

Except as otherwise provided, all provisions of the judgment dated  05/25/2023  shall remain in effect.

**IT IS SO ORDERED**.

Order Date: 4/1/2024

s/Tilman E. Self, III

*Judge's signature*

Effective Date: _____

*(if different from order date)*

Tilman E. Self, III, U.S. District Judge

*Printed name and title*