IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**MICHAEL DE LA BRUYERE** | CRIMINAL NO. 5:21-CR-48-001(TES) |

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR SUPERVISED RELEASE REDUCTION UNDER 18 U.S.C. § 3583(e)(1)**

Federal prisoner Michael De La Bruyere moved this Court for a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging the Bureau of Prisons' (BOP) unlawful calculation and application of First Step Act (FSA) time credits and its improper denial of up to a 1-year Residential Drug Abuse Program (RDAP) sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Defendant asserts the preceding led to prolonged incarceration beyond the lawful release date. As a partial redress for the alleged illegal over detention and mental anguish caused by the BOP's alleged failure to comply with federal law, the defendant requests a reduction or termination of his 3-year term of supervised release (TSR) pursuant to 18 U.S.C. § 3583(e)(1).

The defendant pled guilty on February 6, 2023, to violating 26 U.S.C. §§ 5861(d) and 5871. On May 23, 2023, at the request of the victim, the Court varied down and sentenced him to 72 months custody followed by 3 years supervised release. He is currently scheduled for release on March 17, 2026. The circumstances of the offense involved his possession of multiple stolen firearms, including an unregistered firearm, in connection with Possession of Methamphetamine and he willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to his case. The Court also denied an acceptance of responsibility reduction.

The Court reviewed the motion on the merits, carefully considered the information submitted in the government's response (Doc. 116), and the applicable policy statements issued by the BOP– specifically the Sentence Computation Manual (PS 5880.28) 3(k)(2)(b) which states a prisoner whose current offense was a crime of violence as defined in the Program Statement on Definition of Term, "Crimes of Violence" is <u>not eligible</u> for the early release provisions of 18 U.S.C. § 3621(e). Further, according to the BOP Categorization of Offenses Program Statement (P5162.05) 3(a)(3), a conviction for an offense under 26 U.S.C. § 5861(a) through (l) (firearms) is considered a "crime of violence" for BOP purposes. The Court notes the authority for computing federal sentences is delegated to the BOP by the Attorney General in accordance with 18 U.S.C. § 3585 and 28 C.F.R. § 0.96; a practice upheld by the Supreme Court in <u>U.S. v. Wilson</u>, 503 U.S. 329 (1992).

The Court concurs with the government's response (Doc. 116). Thus, for reasons cited above and by the government, the defendant's petition under 28 U.S.C. § 2241 is **DISMISSED**; and the defendant's motion under 18 U.S.C. § 3583(e)(1) is **DENIED**.

So ordered this   8th   day of   August  , 2025.



    s/Tilman E. Self, III
TILMAN E. SELF, III
U.S. DISTRICT JUDGE